IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC DWAIN AYERS,

      Plaintiff,

vs.                                        No. CV 18-01015 MV/GJF

MAXWELL H. PINES, and
METROPOLITAN DETENTION CENTER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff, Eric Dwain Ayers (Doc. 1). The Court will dismiss the Complaint for failure to state a claim and will grant Plaintiff leave to file an amended complaint.

**I.    Background**

Plaintiff filed his Civil Rights Complaint under 42 U.S.C. § 1983. (Doc. 1). The Complaint names as Defendants Assistant Public Defender Maxwell H. Pines and the Metropolitan Detention Center ("MDC"). (Doc. 1 at 1-2). Plaintiff alleges that his fair trial and due process rights were violated when Pines discussed his criminal case in front of other inmates and MDC did nothing to stop him. (Doc. 1 at 3-4). In his prayer for relief, Plaintiff asks that his conviction be overturned and that he be awarded $500,000 against each Defendant in "their professional states" and $50,000 against each in "their personal states." (Doc 1 at 5).

**II.    Legal Standard**

The Court has discretion to dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §

1915(e).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements."  *Id.*  Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile.  *Id.* at 1109.

**III.**   **Discussion**

  **A.**   **Public Defender Pines Does Not Act Under Color of State Law**

Plaintiff asserts claims against Pines, who represented him in his New Mexico state criminal proceedings.  (Doc. 1 at 1, 3-5).  Section 1983 may be brought only against persons who act "under color of any statute, ordinance, custom, or usage, of any State, Territory or the District of Columbia."  42 U.S.C. § 1983.  The United States Supreme Court has held that public defenders do not act under color of state law for purposes of § 1983 when they perform a lawyer's traditional

functions as counsel to a defendant in a criminal proceeding. *Polk Cty. v. Dodson,* 454 U.S. 312, 315 (1981). Here, the Complaint makes no allegations against Pines other than that he was performing a lawyer's traditional functions as counsel to Plaintiff in his state criminal proceeding. Plaintiff's claims thus fail to state a § 1983 claim against Pines. *Polk,* 454 U.S. at 325.

### B. MDC is Not a Person or a Suable Entity

Plaintiff also alleges claims against MDC, which is a detention facility. (Doc. 1 at 2). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). "[S]tate-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under §1983." *Buchanan v. Okla.*, 398 F. App'x 339, 342 (10th Cir. 2010) (unpublished). *See also Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999) ("New Mexico Department of Corrections is not a 'person' subject to suit under § 1983"). MDC thus is not a proper party in this suit, and the Complaint fails to state a § 1983 claim against MDC.

### C. Ayers' Request to Have His Conviction Set Aside is Barred by *Heck v. Humphry*

In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's

conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005); *see also Edwards v. Balisok,* 520 U.S. 641 (1997).

Plaintiff's prayer for relief specifically asks the Court to overturn his criminal conviction and award him damages, Doc. 1 at 5, and thus clearly necessitates the invalidation of his sentence. Because a favorable ruling on Plaintiff's claims would require treating his sentence in his state criminal proceeding as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir. 1999).

Although Plaintiff acknowledges that neither of the Defendants is a federal official, he claims to be proceeding under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).  Doc. 1 at 2.  The rationale of *Heck* applies equally to claims against federal officials in *Bivens* actions as it does against state officials under § 1983. *Doe v. Dist. of Columbia,* 697 F.2d 1115, 1123 (D.C. Cir. 1983).  Regardless of whether Ayers is requesting to assert his claims under § 1983 or through a *Bivens* action, he is still seeking to invalidate his criminal sentence, and any cause of action would be barred by *Heck*.

**C.    Ayers is Granted Leave to File an Amended Complaint**

As discussed above, the Complaint is factually insufficient and fails to state any claim for § 1983 relief.  *Twombly,* 550 U.S. at 570.  The Court will dismiss the Complaint and will grant Plaintiff the opportunity to file an amended complaint specifying individuals, their individualized actions, and how those actions resulted in the violation of Plaintiff's constitutional rights.  *Hall,* 935 F.2d at 1110, n. 3 (pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings).  The amended complaint must state the facts of each separate claim and why Plaintiff believes that his constitutional rights were violated. When naming the defendants,

Plaintiff should "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, will not be sufficient. Accordingly, Plaintiff should include names of individual defendants and their official positions, a description of their individual actions, and relevant dates, if available. The amended complaint must be filed within 75 days after Plaintiff receives a copy of this Memorandum Opinion and Order.

**IT IS ORDERED:**

(1) the Civil Rights Complaint Under 42 U.S.C. § 1983 filed by Plaintiff Eric Dwain Ayers (Doc. 1) is **DISMISSED** for failure to state a claim for relief;

(2) Plaintiff Ayers is granted leave to file an amended complaint within 75 days of receipt of this Memorandum Opinion and Order;

(3) the Clerk is **DIRECTED** to send Plaintiff Ayers a form prisoner's civil rights complaint together with instructions.

_____
UNITED STATES DISTRICT JUDGE